IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NO. 1:12-cv-245

**KATE BRAVERMAN,**

Plaintiff,

v.

**ALAN H. GOLDSTEIN,**

Defendant,

**BRIEF IN SUPPORT OF MOTION FOR RULE 11 AND 28 U.S.C. § 1927 SANCTIONS**

COMES NOW Alan Goldstein who submits the following brief in support of Defendant's Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions.

I. FACTS

Plaintiff and Defendant are former spouses and parties to the dissolution matter captioned Kate Braverman, Petitioner, v Alan Goldstein, Respondent, v LPL Financial, Intervenor, cause number D-101-DM-2009-01009 in the First Judicial District Court,

County of Santa Fe, State of New Mexico ("the Divorce Matter"). The case involved an unusually large number of hearings, including a three day bench trial before a Special Master, the Honorable James Hall (retired State District Court Judge).

In the Divorce Matter, Plaintiff argued that the Postnuptial Agreement that is the subject of her Complaint in this cause was unenforceable for a variety of reasons, including:

1. That the agreement was not supported by consideration (Exhibit 1, Petitioner's Amended Requested Findings Of Fact in the Divorce Matter, Requested Finding 14);

2. That Defendant induced Plaintiff to enter into the agreement by falsely representing that the account transferred to Defendant was all that he would require in the event of a divorce (Exhibit 1, Requested Finding 15);

3. That Plaintiff was not represented (Exhibit 1, Requested Finding 16); and

4. That Defendant did not make any disclosure to Plaintiff (Exhibit 1, Requested Finding 17).

These claims were rejected by the Special Master and the Trial Court. (See Exhibit 2, Special Master's Report #6, Findings 12 to 17, and 39, and Conclusion 4; and Exhibit 3, Order Adopting Special Master's Report #6, pages 6 to 8.) The Postnuptial Agreement was enforced by the trial court.

In post-trial motions filed by Mr. Boyle, Plaintiff sought to have the court reconsider its decision to enforce the Postnuptial Agreement. (See, Exhibit 4, Motion for New Trial, paragraphs 5 b. and c., and 6. b. [1]) The primary contention of the Plaintiff was that Defendant was dishonest with the Court when he testified that an attorney, Warren Heilbronner, drafted the agreement for both parties. The Court rejected the argument and denied the motion. (See Exhibit 5, Order Denying Petitioner's Motion for New Trial & Motion for Relief from Judgment.)

Plaintiff filed a separate civil suit against Defendant and others (including undersigned counsel), <u>Kate Braverman v Sarah Bennett, Richard Lees, Jonathan Thornton, LPL Financial Corporation and Alan Goldstein</u>, cause number D-101-CV-2010-03120

[1] On October 7, 2011 Plaintiff also filed a Motion To Amend Judgment and a Motion For Relief From Judgment in which she asked the Court to change its ruling regarding the Postnuptial Agreement, relying on the same contentions she advanced in the Motion for New Trial. The motions were denied.

in the First Judicial District Court, County of Santa Fe, State of New Mexico ("the State Court Civil Matter"). Mr. Boyle entered an appearance on behalf of Plaintiff in that matter on June 28, 2011. In the Divorce Matter the trial court entered its Order Adopting Special Master's Report #6 (Exhibit 3) on July 25, 2011. On August 2, 2011, Mr. Boyle filed for Plaintiff a Motion For leave To File Amended Complaint in the State Court Civil Matter. (See Exhibit 6.) The proposed Amended Complaint included a Seventh Count which sought rescission of the Postnuptial Agreement. The alleged grounds for rescission were lack of consideration (paragraph 58), lack of disclosure (paragraph 59), Plaintiff was unrepresented (paragraph 60), the agreement was "the product of fraud, duress and overreaching" (paragraph 61) and other "wrong doing" (paragraph 62).

Defendant opposed the proposed amendment. With respect to the proposed Seventh Count (and several other Counts) Defendant argued that the claim was barred under the doctrines of *res judicata* and *collateral estoppel.* Judge Ortiz, the trial Judge, agreed and denied the application to amend the Complaint, finding that the proposed Seventh Count was "necessarily adjudicated in the previous litigation, First Judicial District

cause number D-l0l-DM-200901009, and [is] barred by either the doctrine of res judicata or collateral estoppel. Plaintiff may not raise the allegations in counts 1, 5, 6, and 7 again." (See, Exhibit 7, Order Denying Plaintiff's Motion for Leave to File an Amended Complaint.)

Plaintiff has made clear her intention to harass and to bury Defendant in litigation. Her attorney-in-fact, Andrew Ross, has made Plaintiff's intentions clear in many emails. (See, Exhibit 8, emails from Plaintiff designating Mr. Ross as her attorney-in-fact.) Exhibit 9 consists of a very small sampling of the many emails sent to counsel and others – the email addressed to "Julie B" was sent to counsel's legal assistant - making clear Plaintiff's intent. Mr. Boyle was copied by Mr. Ross on these emails. Mr. Boyle is fully aware of the Plaintiff's motives in filing this and other suits against Defendant and others associated with the Divorce Matter. He has been provided copies of many other emails on several occasions. He is accompanied by Mr. Ross at most hearings in Plaintiff's litigations and at some hearings Mr. Ross sits with Mr. Boyle at counsel table.

Besides the Divorce Matter and the State Court Civil Matter, Mr. Boyle has filed or entered an appearance in other cases brought by Plaintiff against Defendant or that would interfere with Defendant's rights. These include Kate Braverman v The State of New Mexico, The Honorable Sarah Singleton, James Hall, and LPL Financial Corporation, filed September 16, 2011 in the United States District Court for the District of New Mexico, Case No. 1:11-cv-00829. In that case, Plaintiff has sought to have the Federal Court enjoin enforcement of the State District Court's orders and decree in the Divorce Matter. The orders that Plaintiff sought to enjoin are orders awarding assets and a money judgment to Defendant. However Mr. Boyle elected to not include Defendant as a party even though he is clearly the real party in interest. Two separate applications for a Temporary Restraining Order have been denied in that case and Plaintiff appealed the denials to the Tenth Circuit Court of Appeals. [2]

Mr. Boyle has also entered an appearance and is pursing Plaintiff's claims in the State District Court case of Braverman v Julie Brisendine and Judith Kahn. Ms. Brisendine is

[2] A motion to allow Defendant to intervene in that action is pending. The Appeal to the Tenth Circuit was voluntarily dismissed by Plaintiff during the safe harbor period between the service of this motion on Plaintiff and the filing of the motion.

Defendant's attorney's legal assistant. Ms. Kahn is Defendant's attorney's wife. Plaintiff and Mr. Boyle chose to dismiss the claim against counsel's wife rather than file a response to her Motion For Summary Judgment.

And on April 16, 2012, Mr. Boyle filed for Plaintiff the matter of Kate Braverman v LPL Financial Corporation and Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg, & Bienvenu LLP, United States District Court for the District of New Mexico, Case No 1:12-cv-00395. The first prayer for relief in the Complaint is that the Court grants Plaintiff

> A temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting Defendant LPL Financial Corporation from transferring any of Plaintiff's assets, including, without limitation, all assets presently held in LPL account number XXXX-2868;

The effect of the requested order would be to directly contradict the judgment in the Divorce Matter that requires that certain accounts and funds from account number XXXX-2868 be transferred by LPL to Defendant. Here again, Mr. Boyle elected to not join Defendant, a real party in interest. [3]

[3] Ms. Braverman has also filed, *pro se,* United States District Court Case for the District of New Mexico Case No. CIV 11-0009, Kate Braverman v LPL Financial Corporation, Mark Casady, CEO, LPL Financial Corporation, Brad Jacobs, Vice President, LPL Financial Corporation, Eric Aanes, Agent and Broker, LPL Financial Corporation, Patricia Flores, Broker, LPL Financial Corporation, Lewis & Roca, a New Mexico Law Firm, Ross Crown, Attorney, Lewis

Lastly, Mr. Boyle has filed disciplinary grievances against counsel and has requested law enforcement officials to investigate counsel, Judge Singleton and Special Master Hall for alleged criminal wrongdoing.

II. ARGUMENT

Having failed to successfully challenge the Postnuptial Agreement in the Divorce Matter trial, in Plaintiff's post-trial motions in the Divorce Matter, and in the State Court Civil Matter, Plaintiff and her counsel are seeking in this case a fourth bite at the apple. However, the claims raised in this cause are plainly barred for the same reasons articulated by Judge Ortiz.

Applying an objective standard, Mr. Boyle had to know that this suit involved the same transaction and subject matter that

---

& Roca, filed January 5, 2011, involving claims against LPL arising from their compliance with orders issued in the Divorce Matter; United States District Court for the District of New Mexico Case No. CIV 11-0015, Kate Braverman v State of New Mexico, filed January 6, 2011; a matter in which Plaintiff sought to enjoin the proceedings in the Divorce Matter; and First Judicial District Court Case No. D-101-CV-2011-00199, Kate Braverman v State of New Mexico, filed January 18, 2011, in which Plaintiff requested the court to enjoin Judge Singleton in the Divorce matter. None of these cases have resulted in any relief to Plaintiff. And during the safe harbor period between the service of this motion on Plaintiff and the filing of the motion Plaintiff filed Kate Braverman v Richard Lees, Paul Gerber and James Hall, First judicial District Court cause number D-101-CV-2012-01333, a suit against Defendant's attorney, Plaintiff's prior attorney, and the Special Master.

was previously litigated by the parties and that the claims raised in the Complaint would be subject to dismissal for the same reasons that Judge Ortiz rejected the Seventh Count in Plaintiff's proposed Amended Complaint in the State Court Civil Matter. Mr. Boyle also had to know that by filing the Complaint for Plaintiff, he was participating in a campaign to harass and punish Defendant for his successful outcomes in the Divorce Matter.

Fed. R. Civ. P. 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or revering existing law or for establishing new law;

Augustine v. Adams, 88 F. Supp. 2d 1166 (D. Kan. 2000), is one of three cases within the Tenth Circuit in which Rule 11 sanctions have been awarded when a Plaintiff and their attorney filed a suit that they should have known was barred under the

doctrines of *res judicata* or *collateral estoppel.* Regarding the application of Rule 11, the Court said:

> In the Tenth Circuit, an attorney must meet a standard of objective reasonableness in order to avoid sanctions under Rule 11. *See* White v. Gen. Motors Corp., Inc., 908 F.2d 675, 680 (10th Cir. 1990)(citing Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988)). An attorney's subjective good faith belief in the merit of an argument is not sufficient; the attorney's belief must be in accord with what a reasonable, competent attorney would believe under the circumstances. *See id.* The court has discretion in determining the factual issues and whether the claim or argument is warranted by law. *See* Schrag v. Dinges, 150 F.R.D. 664, 682 (D. Kan. 1993)(citing Dodd Ins. Services, Inc. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1155 (10th Cir. 1991)). However, imposition of sanctions is mandatory once it is determined that a Rule 11 violation has occurred. *See* Lawton v. Medevac Mid-America, Inc., 138 F.R.D. 586, 590 (D.Kan.1991) (citing Adamson*,* 855 F.2d at 672). "[T]he primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit." White*,* 908 F.2d at 684. The amount of sanctions must be the minimum amount necessary to deter future violations. *See id.* At 684-85.

Augustine, 88 F. Supp. 2d at 1173 to 1174.

Rule 11 sanctions are appropriate when an attorney files a claim that he should know is barred by the doctrines of *res judicata* or *collateral estoppel*. Augustine v. Adams; Med. Supply Chain, Inc. v. Neoforma, Inc., 419 F. Supp. 2d 1316 (D. Kan. 2006); and Watters v. Hall, 740 F. Supp. 797 (D. Colo. 1990) aff'd, 931 F.2d 900 (10th Cir. 1991).

In the present case, counsel for Plaintiff, an experienced attorney, had litigated over the Postnuptial Agreement in the Divorce matter. Mr. Boyle made many of the same contentions that he makes in this case. These contentions were rejected in the State Court proceedings.

Counsel will no doubt argue that this case presents a different cause of action. That is the same argument that counsel made in the State Court Civil Matter when he sought to amend Plaintiff's Complaint in that matter and add the proposed Seventh Claim, a claim seeking rescission of the Postnuptial Agreement. That contention was soundly rejected when Judge Ortiz refused Plaintiff's attempt to amend the Complaint to include a claim directed to the Postnuptial Agreement in the State Court Civil Matter. Thus counsel is fully aware that *res judicata* applies to claims **that could have been raised** in the prior litigation. Clark v. Haas Group, Inc., 953 F.2d 1235, 1238 (10th Cir. 1992)("Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); and Bank of Santa Fe v. Marcy Plaza Associates, 2002-NMCA-014, 131 N.M. 537, 540, 40

P.3d 442, 445("Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised."

Sanctions under 28 U.S.C. § 1927 are also appropriate in this case. The statute provides:

> **28 U.S.C. § 1927. Counsel's liability for excessive costs**
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Mr. Boyle is intimately aware of the many threats that Plaintiff has made to Defendant and his attorney. He has been Plaintiff's counsel of record in four satellite suits aimed at undermining the decisions of the State Court in the Divorce Matter.

Counsel's reckless filings clog the Court, deny other litigants the Court's valuable time, and undermine confidence in the finality of judgments. Defendant is victimized by the unreasonable burden of defending multiple litigations involving the same claims. See, Landess v. Gardner Turf Grass, Inc., 2008-NMCA-159, 145 N.M. 372, 376, 198 P.3d 871, 875.[4]

---

[4] Defendant served Plaintiff with a copy of the Motion For Sanctions and this Brief on April 17, 2012. In response, Plaintiff filed a motion to amend

III. CONCLUSION

Applying an objective standard, counsel for Plaintiff had to know that this lawsuit was being filed for an improper purpose and that the legal contentions were not warranted under existing law that bars the relitigation of issues already adjudicated. Counsel's filing and participating in multiple proceedings against Defendant and proceedings against other parties seeking remedies that would impair Defendant's recovery in the Divorce Proceeding, is unreasonable and vexatious.

For those reasons, Defendant prays that Plaintiff and her attorney be subject to sanctions under Rule 11 and 28 USC §1927, including the payment of all of Defendant's attorney's fees, court costs and expenses incurred in this matter.

Respectfully submitted,

RICHARD S. LEES, P.A.
*Attorney for Defendant*
1012 Marquez Pl. #402

---

Plaintiff's Complaint. The proposed Amended Complaint completely abandons the claims in the Complaint. The proposed Amended Complaint instead seeks to assert claims that are already pending in State Court in Kate Braverman v Sarah Bennett, Richard Lees, Jonathan Thornton, LPL Financial Corporation and Alan Goldstein and Braverman v Julie Brisendine and Judith Kahn. In attempting to avoid the risk of sanctions under this motion, Counsel commits another violation of 28 U.S.C. § 1927.

Santa Fe, NM 87505
(505) 989-9090

Richard S. Lees

**CERTIFICATE OF SERVICE**

I CERTIFY that on May 22, 2012 I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gary Boyle, attorney for Plaintiff

I also caused a copy of the foregoing pleading to be served upon Gary Boyle by email to gary.boyle.boylelawoffice@gmail.com.

Richard S. Lees