IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NO. 1:12-cv-245

**KATE BRAVERMAN,**

    Plaintiff,

 v

**ALAN H. GOLDSTEIN,**

    Defendant,

## RESPONSE TO PLAINTIFF'S MOTION
## FOR LEAVE TO FILE AMENDED COMPLAINT

DEFENDANT ALAN H. GOLDSTEIN responds in opposition to Plaintiff's Motion for Leave to File Amended Complaint as follows:

    1.   The motion is brought in bad faith.

    2.   The proposed amendment is nothing more than an attempt at improper forum shopping.  The proposed Amended Complaint seeks to re-file in Federal Court the exact claims that are presently pending between the parties in the State Court cause of <u>Braverman v Goldstein</u>, New Mexico First Judicial District Court cause number D-0101-CV-2010-03120.  (The case was originally titled <u>Braverman v Sarah Bennett, Richard Lees,</u>

Jonathan Thornton, LPL Financial Corporation, and Alan Goldstein, but all Defendants other than Goldstein have been dismissed from the matter).  That case has been pending since September 2010, and has not been dismissed.

    3.    The proposed amendment is sought to avoid the consequences of Rule 11.  Defendant served Plaintiff with a motion for sanctions under Rule 11 because the Complaint was filed in bad faith.  Plaintiff responded by filing her motion to amend.  The proposed Amended Complaint completely omits the claims in the original Complaint and raises different, unrelated claims.

    4.    Plaintiff, with counsel's participation, is unreasonably and vexatiously multiplying proceedings against Defendant (and others).

    5.    The court should deny the motion and abstain from the exercise of jurisdiction over this matter pursuant to the *Colorado River Doctrine*.

    6.    Defendant incorporates the arguments and authorities set forth below.

    WHEREFORE, Defendant prays that Plaintiff's Motion for Leave to File Amended Complaint be denied and that counsel be subjected to sanctions under 28 U.S.C. §1927.

**BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff's Motion for Leave to File Amended Complaint is the latest salvo in an unreasonable and vexatious series of lawsuits brought by Plaintiff against the Defendant, Plaintiff's former Husband, and others.  Since she decided in 2009 that she wished to divorce the Defendant, Plaintiff has filed (in addition to the divorce matter) a multitude of lawsuits against Defendant[1], and when she became dissatisfied with the results of the divorce proceedings, the attorneys (her own and Husband's)[2], employees and family members of Husband's attorney[3], and the State District Court Judge and Special Master who presided over the divorce.[4]  Plaintiff's Motion for Leave to File Amended

---

[1] <u>Kate Braverman v Alan Goldstein</u>, First Judicial District Court Case No. D-101-DV-2009-00810, filed September 7, 2010; <u>Kate Braverman v Sarah Bennett, Richard Lees, Jonathan Thornton, LPL Financial Corporation and Alan Goldstein</u>, First Judicial District Court Case No. D-101-CV-2010-03120, filed September 7, 2010; and this lawsuit.

[2] <u>Kate Braverman v Sarah Bennett, Richard Lees, Jonathan Thornton, LPL Financial Corporation and Alan Goldstein</u>; <u>Kate Braverman v LPL Financial Corporation, Rothstein, Donatelli, Hughes, Dahlstrom, Schoenberg and Bienvenu, LLP, and Gerber & Bateman, PA</u>, United States District Court for the District of New Mexico Case No.  1:12-cv-395, filed April 16, 2012; and <u>Kate Braverman v Richard Lees, Paul Gerber and James Hall</u>, First Judicial District Court Case No. D-101-CV-2012-01333, filed May 10, 2012.

[3] <u>Kate Braverman v Julie Brisendine and Judy Kahn</u>, First Judicial District cause number D-0101-CV-2011-03194, filed October 19, 2011.  Ms. Brisendine is counsel's legal assistant.  Ms. Kahn is counsel's wife, who has since been dismissed from the suit.

[4] <u>Kate Braverman v State of New Mexico</u>, United States District Court for the District of New Mexico Case No. CIV 11-0015, filed January 6, 2011; <u>Kate Braverman v State of New Mexico</u>, First Judicial District Court Case No. D-101-CV-2011-00199, filed January 18, 2011; <u>Kate Braverman v The State of New</u>

Complaint is a continuation of this pattern and constitutes improper forum shopping and an effort to avoid sanctions under Rule 11.

**Facts**

Wife initiated the divorce proceeding in December 2009. In September 2010 she filed <u>Kate Braverman v Sarah Bennett, Richard Lees, Jonathan Thornton, LPL Financial Corporation and Alan Goldstein</u> (hereinafter "the State Court Civil Matter"). Plaintiff's claims against her lawyer (Ms. Bennett), her investigator (Mr. Thornton), Goldstein's attorney (Mr. Lees) and LPL Financial have been dismissed. Defendant remains a Defendant in the State Court Civil Matter.

In June 2011 Mr. Boyle entered his appearance as Plaintiff's attorney in the State Court Civil Action. On August 2, 2011 Mr. Boyle filed a Motion to Amend in that case that is discussed on pages 4 to 5 of Defendant's Brief In Support Of Motion For Rule 11 And 28 U.S.C. §1927 Sanctions (filed in this matter on May 22, 2012). When the Motion to Amend was denied, Mr. Boyle prepared a new First Amended Complaint that eliminated

---

Mexico, The Honorable Sarah Singleton, James Hall, and LPL Financial Corporation, United States District Court for the District of New Mexico Case No. 1:11-cv-00829, filed September 16, 2011; and <u>Kate Braverman v Richard Lees, Paul Gerber and James Hall</u>.

claims that Judge Ortiz had determined were barred.  Defendant elected to not oppose that amendment and Plaintiff's First Amended Complaint in the State Court Civil Matter was filed on January 4, 2012.  That Complaint is attached as Exhibit 1 to this Brief.  That Complaint includes the identical claims as Plaintiff seeks to bring into this matter.  See, Exhibit 2.

On April 17, 2012 Goldstein served Mr. Boyle with his Motion for Rule 11 and 28 U.S.C. §1927 Sanctions.[5]  On April 26, 2012, Mr. Boyle sent counsel the letter that is attached as Exhibit 2.  After counsel for Goldstein informed Mr. Boyle that Goldstein opposed the proposed amendment, Plaintiff filed her Motion to Amend in this matter.

Plaintiff's proposed Amended Complaint asserts the identical claims against Defendant as are pending in the State Court Civil Matter.  (The claims that Plaintiff wishes to add against her daughter involve other transactions than the claims against Defendant).  Plaintiff has moved to dismiss without prejudice the State Court Civil Matter, but Defendant opposes that motion.

Plaintiff also filed <u>Kate Braverman v Julie Brisendine and Judy Kahn</u> in State Court.  Mr. Boyle is counsel of record in

---

[5] The motion for Rule 11 sanctions was served on April 17, but not filed in the District Court until May 22, 2012.

that matter.  The claims against Kahn were dismissed.[6]  The claims against Brisendine involve the exact same operative facts and include the same causes of action as are asserted against Goldstein in the State Court Civil Matter and Counts 1, 2, 3 and 5 of the proposed Amended Complaint.  In fact, Mr. Boyle moved to consolidate the two State Court proceedings (Exhibit 3) and his motion was not opposed.  He changed his mind regarding the consolidation and he failed to request an order of consolidation.  However, the State Court Civil Matter Goldstein has moved to consolidate the two State Court cases.  In <u>Kate Braverman v Julie Brisendine and Judy Kahn</u> Brisendine has moved to consolidate the two matters.  Those motions are pending.  Plaintiff has not moved to dismiss <u>Kate Braverman v Julie Brisendine and Judy Kahn</u>.

**<u>Discussion</u>**

    Plaintiff filed <u>Kate Braverman vs Julie Brisendine and Judy Kahn</u> in State Court seeking damages for the circulation of what Plaintiff calls "the nude photograph."[7]  She then amended her Complaint in the State Court Civil Matter seeking damages from

---

[6] A Rule 11 motion is pending in the matter because Plaintiff made up facts in her zeal to file suit against counsel's wife.  Mr. Boyle was not counsel of record when Plaintiff filed her Complaint in that matter.

[7] The photograph is of Plaintiff smoking heroine.

Goldstein for the exact same events. Now Plaintiff wants to dismiss the State Court Civil Matter without prejudice and re-file the same claims in Federal Court.

The Motion to Amend is merely an attempt to remove the State Court Civil Matter against Goldstein to Federal Court. It is improper forum shopping. Only Defendants can seek removal to Federal Court. 28 U.S.C. §1441 ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States …")

The Motion to Amend is also an attempt to avoid sanctions. As argued in Defendant's Motion for Sanctions Pursuant To Rule 11 and 28 U.S.C. §1927, the Complaint, as filed, includes identical claims as were litigated in the divorce matter. Judge Ortiz considered the same claims in the State Court Civil Matter and ruled they were barred under the doctrines of *res judicata* and *collateral estopple*. When Defendant gave Plaintiff the mandatory safe harbor warning on April 17, Plaintiff responded by proposing to amend the Complaint to assert the same claims as are now asserted in the State Court Civil Matter. The court should note that the proposed Amended Complaint is void of all of the material allegations in the original Complaint. The proposed Amended Complaint includes completely different claims.

Rather than take advantage of the safe harbor provisions of Rule 11 and end the pattern of specious and vexatious litigation, Plaintiff is attempting to improperly remove to Federal Court litigation that is pending in State Court.

Plaintiff's maneuvers beg the question of why Plaintiff now opposes consolidating the State Court claims asserted against Defendant with the State Court claims pending against Brisendine?  The answer is that if the cases are consolidated, diversity between Plaintiff and all Defendants will be destroyed.  Plaintiff is going out of her way to unreasonably and vexatiously multiply the proceedings.[8]

As of the date of the filing of this Response, Plaintiff's claims in the State Court Civil Matter are still pending; that case has not been dismised and it may not be dismissed. Judicial efficiency and fairness to the litigants suggests that the State Court Civil Matter and <u>Kate Braverman v Julie Brisendine and Judy Kahn</u> be consolidated.

This Court should decline to allow the amendment and, in essence, abstain from the exercise of jurisdiction, under the

---

[8] 28 USC § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

principals first articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  In that case the Supreme Court announced an abstention doctrine under which a federal court may, in exceptional circumstances, dismiss a federal suit "due to the presence of a concurrent state proceeding for reasons of wise judicial administration."  424 U.S., at 817-18.  Subsequent cases have identified the factors the Court ought to consider when deciding whether to defer to the State Court proceedings.

In Fox v. Maulding, 16 F 3$^d$ 1079 (10th Cir. 1994) the Court identified such factors.

> In Colorado River, the Supreme Court set forth a nonexclusive list of factors for courts to consider in deciding whether "exceptional circumstances" exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. The Court discussed several other factors in Moses H. Cone, such as the vexations or reactive nature of either the federal or the state action; whether federal law provides the rule of decision; and the adequacy of the state court action to protect the federal plaintiff's rights.  Other courts have also considered whether the party opposing abstention has engaged in impermissible forum-shopping.  No single factor is dispositive; "the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case."

Fox v. Maulding, 16 F.3d at 1082 (citations omitted).

Here we have two pending State Court cases involving he same transactions and the same claims, and a Motion to Consolidate pending in the State Court.  The State Court proceeding was filed first.  The claims are governed by state law, not Federal law.  We have vexatious tactics by the Plaintiff.  Finally, we have a plain effort by Plaintiff to forum shop; nothing prevents Plaintiff from joining the new Defendant (Gabrielle Goldstein) in the State Court proceedings.

Plaintiff advances no argument as to why she should be allowed to abandon litigation that she chose to file in State Court and to start all over in Federal Court.  Nor can Plaintiff offer any justification for not consolidating <u>Kate Braverman v Julie Brisendine and Judy Kahn</u> with the State Court Civil Matter.  Rather, the Motion to Amend is yet another effort by Plaintiff to bring over-bearing pressure on Defendant.  This is exactly the kind of conduct that 28 U.S.C. §1927 is intended to prevent.

<u>Conclusion</u>

For the reasons stated, the Motion for Leave to File Amended Complaint should be denied.  Plaintiff's attorney should be subject to sanctions under 28 U.S.C. §1927.

```
                              Respectfully submitted,

                              RICHARD S. LEES, P.A.
                              *Attorney for Defendant*
                              1012 Marquez Pl. #402
                              Santa Fe, NM  87505
                              (505) 989-9090


                              _____
                              Richard S. Lees
```

## CERTIFICATE OF SERVICE

I CERTIFY that on May 22, 2012 I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

   Gary Boyle, attorney for Plaintiff

I also caused a copy of the foregoing pleading to be served upon Gary Boyle by email to gary.boyle.boylelawoffice@gmail.com.

```
                              _____
                              Richard S. Lees
```