IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KATE BRAVERMAN,                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )          No. 1:12-cv-00245-MV-KBM
                                         )
ALAN H. GOLDSTEIN,                       )
                                         )
            Defendant.                   )

OBJECTION TO MOTION FOR SANCTIONS
AND BRIEF IN SUPPORT

COMES NOW the Plaintiff Kate Braverman and objects to the Defendant's

Motion for Sanctions Pursuant to Rule 11 and 28 U.S.C. §1927.  In support of her

objection, Plaintiff would show the Court as follows:

1.      Defendant's motion for sanctions is so clearly deficient that it can only be

characterized as frivolous harassment.

2.      Rule 11 and §1927 sanctions are available in only the most egregious

cases to deter behavior that is contrary to the Rule.  Courts should exercise care in

imposing sanctions for raising meritless arguments because Rule 11 must be read in light

of concerns that the imposition of sanctions may chill vigorous advocacy.  *See Cooter &*

*Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  The facts presented by Defendant in

support of his motion are not the sort of egregious facts that would support sanctions and

those facts do not support a chilling of vigorous advocacy.

3.      Plaintiff filed a Complaint seeking recovery on causes of action that were

supportable by an objective reading of the applicable law as set forth below.  Indeed,

Defendant engages in no serious effort to establish that the original complaint was deficient in any legal sense although Defendant argues at length that Plaintiff has taken numerous measures to try and enforce her legal rights. Defendant demanded the withdrawal of allegations that Plaintiff claimed were unsupportable. Although Defendant believed that her allegations were appropriate, she filed a motion for leave to amend that will, if granted, eliminate all of the allegations that Defendant claimed were offensive. Defendant withheld agreement to an obviously appropriate amendment to the pleadings apparently in an effort to preserve the right to file his motion for sanctions even though Plaintiff sought to comply with both the letter and spirit of Rule 11 by correcting the relevant allegations. These actions can hardly be considered egregious behavior. Indeed, it is contrary to the specific provisions of Rule 11 to suggest that a party who attempts to correct allegedly offending allegations on the opposing party's request should be sanctioned in an effort to deter future behavior. Plaintiff and counsel acted appropriately in this matter and that behavior should be encouraged, as Plaintiff urges, rather than deterred, as Defendant urges.

4. The response of Plaintiff and her counsel in this case is the very opposite of sanctionable behavior. Sanctions may be appropriate when counsel or a party continues with a course of action in the face of an assertion of sanctions. When a party addresses the assertion by correcting the allegedly offending allegations, however, it is clear that the party has complied with Rule 11 and sanctions are therefore inappropriate. Sanctions should not be awarded because Plaintiff and counsel have not engaged in sanctionable behavior.

5.     It is equally clear that §1927 does not apply to these facts.  Defendant has not cited any fact that would support a conclusion that Plaintiff has multiplied *these* proceedings.  Plaintiff and her counsel have not multiplied the proceedings in this case.  Indeed, Plaintiff and her counsel have not taken any action in this case other than filing the Complaint and filing a motion for leave to amend the complaint that fully and completely addresses Defendant's claim that the original complaint was barred.  Neither of those filings has multiplied these proceedings.  Indeed, the amendment of Plaintiff's claims has served and will serve the goal of making this proceeding more efficient rather than multiplying this proceeding.

6.     More important, Defendant has alleged no facts that would support a conclusion that Plaintiff's counsel took any act in bad faith.  Without a finding of counsel's serious bad faith, the highly unusual sanctions provided by §1927 are not available.  *E.g.*, *Baker Industries, Inc. v Cerberus, Ltd.,* 764 F.2d 204 (3rd Cir. 1985); *West Virginia v Chas. Pfizer & Co.,* 440 F.2d 1079 (2nd Cir. 1971).  As set forth below, because Plaintiff's original complaint was based on a valid and reasonable interpretation of the rules of collateral estoppel and res judicata, counsel's filing of the complaint was not done in bad faith.

7.     Defendant's reliance on the email statements of Plaintiff's attorney-in-fact, a stranger to this lawsuit and to each of the other lawsuits described in Defendant's motion, is simply irrelevant.  Indeed, a threat to enforce Plaintiff's legal rights by filing legal proceedings is entirely appropriate and provides no support whatsoever for a claim for sanctions in this case.  Instead, the claim for sanctions must rise and fall on the Plaintiff's and Defendant's compliance with Rule 11 in this proceeding.

8.      Defendant apparently argues that filing several tangentially related proceedings is equal to the multiplication of these proceedings.  That position is contrary to the statutory language that requires the multiplication of proceedings *in a case* and Defendant offers no authority to support such a reading of the statute.

9.      As Defendant alleges, Defendant threatened the instant motion in a letter to counsel for Plaintiff prior to filing his motion.  Although Plaintiff did not agree with the Defendant's assertion that the original complaint was barred, Plaintiff chose to seek leave to file an amended complaint that completely eliminates the allegations to which Defendant objected.  Plaintiff's correction of the allegedly unsupportable allegations of her original complaint is a complete defense to Defendant's motion for sanctions. Pursuant to Rule 11, the Court should not grant Rule 11 sanctions where the filing party corrects the allegedly offending allegations.  The safe harbor provisions were intended to "protect[] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court . . . ."  Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions . . . ." *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (citation omitted).  The Court should not award Rule 11 sanctions in this case.  Any other conclusion would directly contradict both the letter and spirit of Rule 11's safe harbor provision.

10.     Even if the Court should award sanctions when the accused party has corrected the allegedly offending allegation, no sanctions are appropriate in this instance because Plaintiff and her counsel had an objectively reasonable basis for filing the

original claims. Defendant contends that Plaintiff's original claims were barred either by the collateral estoppel or res judicata without ever specifying on which doctrine he relies. Defendant also wholly failed to even attempt to establish that he could carry his burden on each of the elements of either of the defenses. Defendant's failure to carry his burden is fatal to Defendant's argument. A thorough understanding of Defendant's position confirms that Defendant's foundational argument that Plaintiff's claims are frivolous is unfounded.

11.     Plaintiff's original complaint is based on two sets of facts both of which would have formed the foundation for a legally and factually cognizable claim if Plaintiff had chosen to pursue the claim. First, Plaintiff alleged that Defendant committed fraud when Defendant fraudulently induced Plaintiff to enter into a Postnuptial Agreement by lying to Plaintiff concerning the nature of the agreement and its provisions and its impact on the parties. Second, Plaintiff alleged that Defendant defrauded the Plaintiff when he testified falsely at the hearing in the divorce proceeding discussed at length in Defendant's motion. Each of these bases for Plaintiff's claims was appropriate under applicable law and neither the issues nor the claims are barred.

12.     Defendant's contention that the Plaintiff's first claim, that she was defrauded by the Defendant's assertions about the contract at the time it was created, is barred by the doctrine of collateral estoppel fails because collateral estoppel only bars issues that were actually and necessarily decided in the prior proceeding. *Lombard v. Axtens*, 739 F.2d 499, 502 (10th Cir. 1984); *Deflon v. Sawyers*, 139 N.M. 637, 643, 137 P.3d 577, 583 (2006). *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Thus, collateral estoppel only bars the relitigation of *identical* issues. *Smith v. Dinwiddie*,

510 F.3d 1180, 1188 (10th Cir. 2007).  The issues on which Defendant's motion is based were not actually and necessarily litigated and are not identical.

13.     The state court divorce proceeding determined that the Postnuptial Agreement was enforceable for purposes of determining the property rights of the parties in their divorce.  The state court, however, did not determine any of the issues that form the foundation for Plaintiff's fraud claim against Defendant.  For example, the state court did not determine what, if any representations Defendant made to Plaintiff at the time the parties executed the agreement.  The state court did not determine the truth or falsity of any such representations or the Defendant's knowledge regarding the truth of those claims.  Moreover, none of those determinations were necessary for the state court's decision that the property transferred pursuant to the Postnuptial Agreement was Defendant's separate property.  Thus, the state court did not actually and necessarily determine any of the issues underlying Plaintiff's allegations that Defendant committed fraud at the time the parties entered into the contract.  Because the issues were not decided in the prior proceeding, collateral estoppel does not bar Plaintiff's fraud in the inducement claim in her original complaint.

14.     Res judicata, a doctrine that bars claims rather than issues, also does not bar Plaintiff's original claim that Defendant defrauded her at the time the parties executed the Postnuptial Agreement.  Res judicata applies only if the causes of action and the subject matter of the divorce proceeding are identical to the causes of action and the subject matter of this proceeding.  If the causes of action are different, res judicata does not bar the claim.  *Kepler v. Slade*, 119 N.M. 802, 804, 896 P.2d 482, 484 (1995).  *See Brady v. UBS Financial Services, Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008) (the federal

court applies the res judicata law of the state court). Even a cursory examination reveals that the causes of action and subject matter of the two proceedings is not identical. The divorce proceeding was for the dissolution of marriage, the division of property, and the imposition of a spousal support obligation. Although the impact of the Postnuptial Agreement on the division of the parties' property was part of the divorce proceeding, that case did not relate in any way to a claim of fraud related to the circumstances surrounding the execution of the Postnuptial Agreement. The subject matters and causes of action were different and res judicata therefore is not available as a defense to Plaintiff's claim.

15.     Plaintiff's second claim in her original complaint, that Defendant defrauded her in the course of testifying in the divorce proceeding, is also not barred by collateral estoppel. Like Plaintiff's first claim, the elements of fraud were not actually or necessarily decided in the prior proceeding and the issues before this Court are not identical to the issues before the state court. More important, Plaintiff did not have a full and fair opportunity to litigate her claim in the prior proceeding. *Lombard v. Axtens*, 739 F.2d 499, 502 (10th Cir. 1984); *Deflon v. Sawyers*, 139 N.M. 637, 643, 137 P.3d 577, 583 (2006). Because a full and fair opportunity to litigate is the essence of collateral estoppel, Defendant's motion is without merit.

16.     Defendant's bogus position concerning the drafting and preparation of the Postnuptial Agreement was not revealed to Plaintiff and her counsel until a few days before trial at a point when it was impossible to secure the testimony of the attorney who Defendant claimed drafted the agreement and whose testimony would have directly contradicted Defendant's false testimony. Because Plaintiff did not have a full and fair

opportunity to litigate the issue in the prior case, collateral estoppel does not bar Plaintiff's claims.

17.     Res judicata also does not bar Plaintiff's original complaint to the extent it is based on Defendant's actions at the trial of the divorce proceeding.  As set forth above, the causes of action and subject matter of the two suits are different.  Moreover, the claims concerning testimony at trial necessarily could not have been raised at the beginning of the divorce proceeding and res judicata is therefore unavailable.  *Brooks Trucking Co., Inc. v. Bull Rogers, Inc.*, 139 N.M. 99, 104, 128 P.3d 1076, 1081 (Ct. App. 2006) (holding that claims based on circumstances that arise after the filing of the original suit are not barred by res judicata citing *Baker Group, L.C. v. Burlington N. & Santa Fe Ry.*, 228 F.3d 883, 886 (8th Cir. 2000); )); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914-15 (7th Cir. 1993)).  Because Plaintiff's claims did not arise until after the commencement of the prior proceeding, res judicata does not bar Plaintiff's claims.

18.     Regardless of how the Court might have ruled on Defendant's claims of collateral estoppel and res judicata, it is clear that Plaintiff and her counsel had an objectively reasonable belief that Plaintiff's original complaint was not barred.  Pursuant to Rule 11, the Court cannot award sanctions for the assertion of Plaintiff's claims which were based on objectively reasonable legal and factual positions.

19.     The real multiplication of this proceeding is revealed when the Court carefully examines Defendant's behavior.  It is Defendant who insisted on filing a motion for sanctions even though the Plaintiff has sought leave to abandon all of the allegations on which Defendant's motion is based.  It is Defendant who, at the same time, objects to Plaintiff's proposed amendment to the complaint to accomplish her desire to amend the

offending claims even though the Defendant cannot point to any prejudice that would result from allowance of the amendment.   Defendant's position is nothing short of duplicitous.  The Court should deny the motion and make it clear that it will not tolerate Defendant's unfounded and ill-advised procedural game playing.

WHEREFORE Plaintiff prays that she be granted leave to file her Amended Complaint and that she be granted such other and further relief to which she may be entitled.

Electronically Filed

/s/
_____
Gary W. Boyle
Attorney at Law
15 Spirit Court
Santa Fe, New Mexico 87506
(505) 989-5057
Gary.boyle.boylelawoffice@gmail.com

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5 day of June, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard Lees,
Counsel for Defendant, Alan Goldstein

/s/

_____
Gary W. Boyle