IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KATE BRAVERMAN,**

    **Plaintiff,**

v.                                                            CIV 12-0245 MV/KBM

**ALAN H. GOLDSTEIN,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint and Brief in Support *(Doc. 12)*, filed May 8, 2012, and Defendant's Motion for Sanctions Pursuant to Rule 11 and 28 U.S.C. § 1927 *(Doc. 14)*. The Honorable Martha Vázquez referred these Motions for recommended disposition on July 13, 2012. *See Doc. 23.* Having considered the parties' arguments and the relevant law, I find that the claims Plaintiff asserts in both her Complaint and Proposed Amended Complaint have previously been brought in state court. I therefore recommend that Plaintiff's Motion to Amend be denied and that this matter be dismissed in its entirety.

**I.**     **BACKGROUND**

This lawsuit arises out of a divorce between the parties in New Mexico's First Judicial District Court, Case No. D-101-DM-200901009 ("the Divorce Proceeding"). According to Defendant, the Divorce Proceeding "involved an unusually large number of hearings, including a three[-]day bench trial before a Special Master, the Honorable James Hall (retired State District Court Judge)." *See Doc. 15* at 2. The Parties are also involved in other litigation, which appears to have arisen out of the Parties' divorce, and such actions are pending in New Mexico's First Judicial District Court, including Case Nos. D-101-CV-2010-03120, D-101-CV-2011-03194, and D-101-CV-2012-01333, as

well as in the Federal District of New Mexico, including Case Nos. CIV 11-0829 JB/WDS and CIV 12-00395 BB/ACT. Plaintiff's attorney in each of the above referenced actions is or has been Gary W. Boyle, Plaintiff's counsel of record here.[1]

### A. Plaintiff's Existing Claims

Originally in this action, Plaintiff brought claims contesting the award of her sole and separate property to Defendant pursuant to a Postnuptial Agreement. *See Doc. 1 at 2-3.* Specifically, Plaintiff brought claims for fraud, prima facie tort, and breach of fiduciary duty. *See id. at 4-6.* Defendant denied Plaintiff's allegations and raised preclusion defenses. *See Doc. 8 at ¶ 25.* Further, Defendant maintained that "Plaintiff's suit is nothing more than a collateral attack on the judgment and decision of the trial court in the Divorce Proceeding." *Id. at ¶ 26.*

Indeed, Plaintiff requested findings of fact pertaining to the Postnuptial Agreement in the Divorce Proceeding. *See Doc. 15-1 at ¶¶ 13-18.* Specifically, Plaintiff requested the judge to find that Defendant induced her to enter the Postnuptial Agreement with a misrepresentation. *See id. at ¶ 15.* The divorce court rejected Plaintiff's arguments and enforced the Postnuptial Agreement. *See Docs. 15-2 & 15-3.* Plaintiff sought reconsideration, arguing newly discovered evidence that Defendant lied when he testified that Warren Heilbronner, the New York attorney who drafted the Postnuptial Agreement, represented both himself and Plaintiff at the time. *Doc. 15-4 at*

---

[1] Plaintiff Braverman recently filed on her own a "Motion to Abate" which states that she "believes her *prior* counsel Gary Boyle colluded with Rick Lees [opposing counsel here] to inflate her legal fees by agreeing to file unnecessary and frivolous motions which Petitioner [sic] never authorized." *Doc. 24 at 1* (emphasis added). However, there has been no motion to withdraw Mr. Boyle's entry of appearance. Our Local Rules provide that "[a] party who is represented by an attorney may not personally make any filings, other than a notice of appeal, or represent himself or herself unless otherwise ordered." D.N.M.-LR Civ. 83.5. Therefore, Document 24 should be stricken.

¶ 6.  The court in the Divorce Proceeding refused to reconsider its decision to enforce the Postnuptial Agreement, holding in relevant part:

> The second item of evidence is an affidavit from a New York attorney who drafted an agreement signed by the parties long before the trial in this case.  The affidavit contradicts, in part, Respondent's testimony about whether Petitioner directed the attorney to prepare the agreement.  This type of evidence is not the sort that warrants a new trial.  It does not meet the criteria that the evidence could not have been discovered before trial by the exercise of diligence and that it must not be cumulative or merely impeaching or contradictory.  *See, e.g., State v. Volpato*, 102 N.M. 383, 384-85, 696 P.2d 471, 472-73 (1985).  In the present case there is no reason why the testimony from the lawyer could not have been sought before trial.  Respondent's deposition testimony was much the same as his trial testimony.  Petitioner knew about this issue and did not act with due diligence.  Further, Petitioner presented the same testimony; thus rendering the affidavit as cumulative and merely contradictory.  Yet another criteria is that the evidence must be such that it will probably change the result.  In this case, when the Court reviewed the record and affirmed the Special Master's decision, it was aware of the Petitioner's claim that the lawyer did not represent her.  Thus, the Court when it affirmed assumed that the New York lawyer had represented only the Respondent and that Petitioner did not have her own counsel.  That was but one circumstance to be taken into account when determining whether the agreement should be enforced.  The Court finds that this new evidence would not have changed the result.

*Doc. 15-5* at 2-3.

After the court ruled against her in the Divorce Proceeding, Plaintiff filed a civil action in New Mexico's First Judicial District, Case NO. D-101-CV-2010-03120 (hereinafter referred to as the "State Court Proceeding"), seeking rescission of the Postnuptial Agreement and claiming that it "is the product of fraud, duress, and overreaching and is therefore unenforceable."  *Doc. 15-6* at ¶ 61.  The state court refused to allow these claims, holding that they were "necessarily adjudicated in the previous [divorce] litigation, First Judicial District cause number D-101-DM-200901009, and are barred by either the doctrine of res judicata or collateral estoppel."  *Doc. 15-7* at 1-2.

The state court further ordered that "Plaintiff may not raise the allegations in counts 1, 5, 6, and 7 again." *Id.* at 2.  Nonetheless, Plaintiffs' present claims largely restate the barred counts 1 and 7 in the State Court Proceeding.  *Docs. 1 & 15-6.*

### B.    Plaintiff's Proposed Amended Complaint

Given Plaintiff's apparent intent to relitigate matters deemed resolved in the Divorce Proceeding and the State Court Proceeding, Defendant filed a Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions.  *Doc. 15*.  In response, Plaintiff requested permission to file an Amended Complaint, which "seeks to eliminate certain claims against the original Defendant, Mr. Goldstein, and add different claims against that Defendant as well as adding related claims against a second Defendant, Ms. Goldstein."  *Doc. 12* at 1.  According to Plaintiff, the proposed Amended Complaint "removed the allegations that Defendant claims are sanctionable."[2]  *See id.* at 2.

Otherwise, the proposed Amended Complaint focuses on allegations of a nude photograph of Plaintiff while supposedly doing drugs, which Plaintiff contends was passed around "too liberally" in the context of the Divorce Proceeding.  *Doc. 12-1*.  Plaintiff complains that Defendant improperly shared the photograph with Andrew Ross, Plaintiff's partner and financial advisor; the Honorable Sarah Singleton, who presided over the Divorce Proceeding; the Honorable James Hall, appointed Special Master in the Divorce Proceeding; and Ross Crown, counsel for an intervenor in the divorce.  *See id.* at ¶¶ 11-12.  Plaintiff asserts the following common-law torts:  (1) invasion of privacy; (2) false light invasion of privacy; (3) negligence per se; (4) prima facie tort; (5) intentional infliction of emotional distress; and (6) fraud.  *Doc. 12-1*.  The damages

---

[2] In fact, however, Plaintiff's proposed Amended Complaint continues to allege fraud relating to the Postnuptial Agreement.  *See Doc. 12-1* at 12-14.

sought relate to losses Plaintiff incurred in the divorce.  *See id.* at ¶¶ 79 & 85 (alleging damages of $385,000).

Plaintiff brought similar claims in the Divorce Proceeding.  For instance, Plaintiff sought a new trial on the grounds that the Special Master was "inappropriate[ly] influence[d]" by the nude photograph of Plaintiff.  *Doc. 15-4*.  The trial court denied Plaintiff's motion for new trial, holding that "[a] special master stands in the shoes of a trial judge and is presumed to have ignored improper evidence."  *Doc.. 15-5* at 1.  Plaintiff then brought the identical claims she seeks to assert here – e.g., invasion of privacy, false light invasion of privacy, negligence per se, prima facie tort, and intentional infliction of emotional distress – in the State Court Proceeding.  *Doc. 15-6*.

Indeed, Paragraphs 22-40 and 63-77 of the pending Complaint in the State Court Proceeding and Paragraphs 31-64 of the proposed Amended Complaint in the present case are virtually identical.  *Compare Doc. 15-6 with Doc. 12-1*; *see also* http://www2.nmcourts.gov.caselookup (regarding Case Nos. D-101-CV-201103120 and D-101-CV-201103194).  Plaintiff admits her proposed Amended Complaint is "substantively the same" as the pending Complaint in the State Court Proceeding and asserts she will either seek or has sought  dismissal of such claims in the State Court Proceeding.  *See Doc.18* at 3-4.

II.     ANALYSIS

In addition to his pending Motion for Sanctions *(Doc. 15)*, Defendant Mr. Goldstein opposes Plaintiff's Motion to Amend on several grounds.  He contends the Motion to Amend is brought in bad faith, is an attempt at improper forum-shopping, is sought to avoid the consequences of Rule 11, and, further, that the Court should abstain

from the exercise of jurisdiction pursuant to the *Colorado River* Doctrine. *See Doc. 16* at 1-2.

Upon consideration of the abstention question, I believe that the Court lacks subject-matter jurisdiction over this case. *See Iowa Tribe of Kansas and Nebraska v. Salazar*, 607 F.3d 1225, 1231 (10th Cir. 2010) (recognizing the court's "responsibility to ensure even sua sponte that we have subject matter jurisdiction before considering a case"); *State Farm Mut. Auto Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (recognizing that "a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings" (citation omitted)).

A federal court must "satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim – even when the question of the merits is the easier one and is substantively resolvable against the claim over which jurisdiction is in doubt." *See Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998)), *overruled on other grounds by Styskal v. Weld County Comm'rs*, 365 F.3d 855 (10th Cir. 2004)

The *Rooker-Feldman* Doctrine "arises by negative inference from 28 U.S.C. § 1257(a), which allows parties to state court judgments to seek direct review in the Supreme Court of the United States, but not to appeal to the lower federal courts." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006). It operates to preclude federal jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*

6

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Before filing the instant lawsuit, Plaintiff had already lost the arguments at issue here (i.e., concerning the parties' Postnuptial Agreement) in New Mexico's First Judicial District court.  Moreover, the nature of Plaintiff's claims invite the Court to review and reject the judgments entered by the First Judicial District court in the Parties' Divorce Proceeding and the subsequent State Court Proceeding.  For these reasons, I find that the *Rooker-Feldman* doctrine bars the Court's consideration of Plaintiff's claims and recommend they be dismissed with prejudice.

Wherefore,

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint *(Doc.1-1)* be dismissed with prejudice, and that Plaintiff's Motion for Leave to File Amended Complaint *(Doc. 12)* and Defendant's Motion for Sanctions *(Doc. 15)* be denied as moot.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE OF A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION THEY MAY FILE WRITTEN OBJECTIONS WITH THE CLERK OF THE DISTRICT COURT PURSUANT TO 28 U.S.C. § 636(b)(1).  A PARTY MUST FILE OBJECTIONS WITH THE CLERK OF THE DISTRICT COURT WITHIN THE 14-DAY PERIOD IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE